## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAYCO, INC.<br><br>        Plaintiff,<br><br>   v.<br><br>NATIONAL INDOOR RV CENTERS, LLC, NIRVC - AZ, LLC, NATIONAL INDOOR RV CENTERS - GA, LLC and ANGIE MORELL,<br><br>        Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR TRO, INJUNCTIVE RELIEF AND DAMAGES

Plaintiff JAYCO, INC., ("Jayco"), for its Complaint against Defendants NATIONAL INDOOR RV CENTERS, LLC ("NIRV-TX"), NIRVC - AZ, LLC (NIRV-AZ), NATIONAL INDOOR RV CENTERS - GA, LLC ("NIRV-GA") (collectively, "NIRV") and ANGIE MORELL ("Morell") (collectively, "Defendants"), states as follows:

### INTRODUCTION

1. This is an action to stop Defendants from illegally and without authorization using Jayco's federally registered trademarks and for other relief. Jayco designs, manufactures, and sells a range of recreational vehicles in North America. In particular, Jayco designs, manufactures and sells a line of Class A motorhomes under the Entegra Coach® trademark. The Entegra Coach® brand represents a luxury, high-end Class A motorhome line. The Entegra Coach® trademark has been registered since 2009 and is well-known in the industry. The Entegra Coach® trademark, maintains a high profile in the RV industry, being a top seller of class A motorhomes in North America. Jayco expends substantial time, energy, money and resources

39432165v.1

in advertising and promoting its Entegra Coach® trademark, including, but not limited to operating the www.entegracoach.com web site. Jayco also promotes the trademark in print and other media, at trade shows and within its authorized dealer network.

2. However, the Entegra Coach® trademark and the business conducted under that mark have been threatened by the conduct of Defendants which engage in, and continue to engage in, a deceptive scheme where it falsely advertises, markets and represents itself to customers in Texas where they are not licensed or authorized to use the Entegra Coach® trademark. They are not. The use of the Entegra Coach® mark in advertising and sales by Defendants is clearly intended to deceive and confuse customers into believing that NIRV's location in Texas is sponsored by, or affiliated or connected with Entegra Coach®. Indeed, other authorized and licensed Entegra Coach® dealers and consumers have complained to Jayco believing that Jayco has authorized Defendants' use of the Entegra Coach® trademark in Texas. Defendants' unauthorized and illegal use of the Entegra Coach® mark is causing harm to Jayco and the goodwill associated with its Entegra Coach® mark. Defendants' actions violate federal and state law, causing and continuing to cause irreparable injury and damages to Jayco. NIRV's actions also violate the express terms of contracts between NIRV and Jayco. NIRV is a licensed and authorized Entegra Coach® dealer in Arizona and Georgia, but they are not licensed or authorized to use the Entegra Coach® trademark in Texas, or elsewhere.

3. These continuing illegal and improper actions resulted in and continue to cause the loss of significant business and harm to Jayco. Jayco seeks to end the Defendants' scheme and Jayco's irreparable injury through a temporary, preliminary and permanent injunction to protect the Entegra Coach® mark and its associated goodwill in the RV marketplace. Jayco also seeks to recover damages caused by Defendants.

## NATURE OF THE ACTION

4. This is an action for violation of the Lanham Act for false advertising, trademark infringement, unfair competition, false advertising, violation of Indiana trademark common law, unfair competition under Texas law and breach of contract. Jayco seeks temporary, preliminary and permanent injunctive relief, monetary damages and attorneys' fees.

5. Defendants are flagrantly using Jayco's Entegra Coach® mark in a prominent fashion to market itself to customers in and outside Texas, without Jayco's permission, which has resulted in customer confusion and damage to Jayco's reputation and goodwill in the marketplace and its dealer network.

6. Jayco seeks, among other relief, an injunction preventing Defendants from further infringing the Entegra Coach® mark, together with actual damages, goodwill damages, and disgorgement of Defendants' profits derived from its infringing activity, and attorneys' fees and costs, as permitted by law.

## PARTIES

7. Jayco is a corporation organized and existing under the laws of the state of Indiana with its principal place of business in Middlebury, Indiana. Entegra Coach is a division of Jayco. Entegra Coach sells motorhomes through a network of independent dealers located throughout the United States, including Arizona, Georgia and Texas.

8. NIRV-TX is a limited liability corporation organized and existing under the laws of the state of Texas, with a principal place of business in Lewisville, Texas.

9. NIRV-AZ is a limited liability corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Phoenix, Arizona.

10. NIRV-GA is a limited liability corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Lilburn, Georgia.

11. On information and belief, Morell is a citizen and resident of the State of Texas.

39432165v.1

## JURISDICTION AND VENUE

12. This Court has jurisdiction as this matter arises under the United States Trademark Act, 15 U.S.C. §§ 1051, *et seq.*, with jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and 28 U.S.C. § 1337. The Court has pendant jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367. This Court also has jurisdiction over this matter in accordance with 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) and (2) because Jayco conducts business in this judicial district and a substantial part of the events and omissions giving rise to the claims asserted herein either occurred in this judicial district or its harm is felt in this judicial district.

## EVENTS GIVING RISE TO THIS ACTION

14. Entegra Coach, as a division of Jayco, designs, manufactures, and sells a range of Class A motorhomes currently with models called Insignia®, Aspire®, Anthem® and Cornerstone®. All of these models exclusively bear the Entegra Coach® mark. The MSRP for these models range from approximately $400,000 to $690,000.

15. New Entegra Coach® motorhomes are sold exclusively through a network of RV dealers who execute dealer agreements with Jayco. The sales of new motorhomes is governed by state dealer laws which generally restrict the ability of Jayco to appoint dealers near existing dealers.

16. Entegra Coach® motorhomes have a broad appeal and acceptance in the RV marketplace. They are known for having an unrelenting attention to detail and are luxurious.

17. Entegra Coach® was registered with the United States Patent and Trademark Office ("USPTO") on October 27, 2009. The Registration Number for this 3702574. A copy of this registration is attached as Exhibit A. Jayco also owns another distinctive mark for Entegra

Coach that is represented by the letters "EC" in script format inside of a circle.  This trademark was registered with the USPTO on July 7, 2009 and bears Registration No. 3650410.  A copy of this USPTO registration is attached as <u>Exhibit B</u>.  The model names for each of the above Entegra Coach® motorhomes are registered trademarks as well:  INSIGNIA, U.S. Reg. 5033253; ASPIRE, U.S. Reg. 3647198; ANTHEM, U.S. Reg. 3647198; and CORNERSTONE U.S. Reg. 3647196.  Jayco owns each of these marks and they are valid and subsisting and included in the USPTO's Principal Register.  Each mark is distinctive to both the consuming public and in the recreational vehicle industry.  Each of these marks, except INSIGNIA, is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Jayco has used the marks in commerce in the United States in connection with the marketing and sale of motorhomes.  All of these trademarks are from time-to-time referenced collectively as the "Entegra Coach® trademarks."

18. NIRV-AZ and NIRV-GA are licensed dealers for Entegra Coach®.  The Dealership Sales and Service Agreement ("Dealer Agreement") between Jayco and NIRV-AZ was executed on November 8, 2016.  A true and correct copy of the NIRV-AZ Dealer Agreement is attached as <u>Exhibit C</u>.  NIRV-GA also executed a substantially similar Dealer Agreement with Jayco.  On June 29, 2016, NIRV-GA executed a Dealer Agreement Addendum allowing it to sell Entegra Coach® products from the Georgia location.  A true and correct copy of the NIRV-GA Dealer Agreement Addendum is attached as <u>Exhibit D</u>.

19. The Dealer Agreements contain the following relevant provisions:
   a. "This Agreement 1) authorizes Dealer to sell and service Entegra Coach Products and represent itself as an Entegra Coach Dealer; 2) states the terms under which Dealer and Entegra Coach agree to do business together; 3) states the responsibilities of Dealer and Entegra Coach to each other and to customers; and 4) reflects the mutual dependence of the parties in achieving common business objectives."  Dealer Agreement at B.

    b. "Dealer agrees not to establish an Entegra Coach location nor originate sales of Entegra Coach Products outside its Dealer Sales Territory." *Id.* at E.3.

    c. "Dealer agrees not to display product(s) for sale within another Dealer's Sales Territory without the written consent of Entegra Coach." *Id.* at E.4.

    d. The Dealer Sales Territory for the Arizona location is Maricopa and Gila Counties, Arizona. *Id.* at D.

    e. "Dealer is authorized to sue Entegra Coach's trade names and trademarks in the promotion, sales, and service of Entegra Coach Products." *Id.* at H.8.

20. Entregra Coach's dealer in the Dallas, Texas area, Motorhome Specialists, complained to Jayco that NIRV was selling Entegra Coach® motorhomes from NIRV's location in Lewisville, Texas which is within in the Motorhome Specialists' assigned territory. NIRV's actions dilute the Entegra Coach® marks, cause confusion within Entegra Coach® dealer network and with customers.

21. On or about May 9, 2017, a private investigator ("PI") hired by Jayco visited NIRV's Lewisville location. The PI inquired about purchasing an Entegra Coach®. Initially, an NIRV salesperson, Stephanie Lopez, told the PI that NIRV was not allowed to sell Entegra Coach motorhomes from the Texas location. Lopez told the PI that they would fly a buyer to NIRV's locations in Georgia or Arizona to purchase an Entegra Coach®. Lopez then showed a 2017 Entegra to the PI. Lopez told the PI that she would introduce the PI to Angie Morell, who was a salesperson on contract, and not an employee of NIRV-TX, so that Morell could sell an Entegra Coach® to the PI. However, Morell's NIRV-TX business card shows that she is an "RV Lifestyle Specialist" for NIRV-TX, the same title that Lopez has. Morell has an office and phone extension at the Lewisville location.

39432165v.1

22. Lopez told the PI that she could not technically have any Entegra Coach® brochures but that Morell had "stashed some away for us." Lopez told the PI that she would not get a commission if Morell sold the PI an Entegra Coach®, but that Lopez would be "taken care of" by Morell. Lopez told the PI that she could sell an Entegra Coach®, including all the paperwork involved, but that she would have to take delivery at another location. Lopez then introduced the PI to Morell.

23. When the PI met with Morell, Morell pulled "sample boards" of Entegra Coach® interior samples out from under her desk. Morell told the PI that she kept them under her desk because "she can't keep them out."

24. Morell offered to show the PI an Entegra Coach® that was currently on the lot in Lewisville. Morell told the PI that Texas had really strict dealership laws and they could buy through Lewisville, but take delivery in Georgia or Arizona.

25. Morell told the PI that she would negotiate a price Entegra Coach® and get approval from an NIRV manager.

26. Morell took the PI to a room that contained a sales board identifying current opportunities for NIRV sales people in Lewisville. The board showed Morell's sales and showed at least 12 new Entegra Coach® being sold by Morell. Morell emailed the PI marketing materials containing the Entegra Coach® trademarks.

27. Defendants are engaging in this façade because it knows that it cannot use the Entegra Coach® mark in Texas or legally sell from the Lewisville location. NIRV-TX's and Morell's uses the Entegra Coach® marks to sell Entegra Coach® motorhomes from Lewisville is a not so veiled effort to violate the Jayco Dealer Agreements, federal trademark law and other laws.

7

28. Defendants' actions are harming the Entegra Coach® trademark and brand. These actions are confusing to consumers, including licensed Entegra Coach® dealers who believe that they are the only ones authorized to use the Entegra Coach® trademarks in their territories.

29. Jayco has licensed NIRV-AZ and NIRV-GA to use the Entegra Coach® trademarks in their respective markets. NIRV-AZ and NIRV-GA are only licensed to use the marks in their markets. Jayco has never authorized or licensed NIRV-TX or any of the Defendants to sell Entegra Coach® products or use the trademarks in Texas.

30. In March and May, 2017, Jayco demanded that NIRV stop selling Entegra Coach® and using Jayco's marks from Texas. NIRV said it would not stop. Defendants will not stop this conduct unless they are enjoined by this Court. Defendants' actions have caused, and continue to cause, confusion among the Entegra Coach® dealer network.

## COUNT I
## VIOLATION OF LANHAM ACT - UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### Section 43 of the Lanham Act, 15 U.S.C. § 1125

31. Jayco hereby repeats, realleges, and incorporates by reference the allegations which are contained in Paragraphs 1 through 30 as though fully set forth herein.

32. Section 43(a) of the Lanham Act provides, in relevant part:

> Any person who, on or in connection with any foods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship or approval of his or her goods, services, or commercial activities by another person…shall be liable in a civil action by any person who believes that he or she is or is likely to be damage by such act.
> 15 U.S.C. § 1125(a).

8

39432165v.1

33. Jayco owns a protectable right in its registered trademarks and its business connected therewith.

34. From its Texas location, NIRV does not have a right or license to use the Entegra Coach® registered trademarks, sponsorship or certification in the manner it is currently using, which is misleading and has a capacity, likelihood or tendency to deceive or confuse the public with respect to the origin of goods and/or services offered by Defendants.

35. As a result, Defendants have, in commercial sales, advertising and promotion, misrepresented the source, sponsorship and/or affiliation of its products in interstate commerce.

36. Defendants have, in commercial sales, advertising and promotion, used a name, symbol and/or mark which is likely to cause confusion, mistake, and/or is likely to deceive as to the affiliation, connection or association of its goods or services with that of those offered by Jayco under its registered Entegra Coach® trademark.

37. NIRV's unauthorized use and marketing of its products using Entegra Coach® trademark at the Texas location and thereby conveying a purported sponsorship therewith, results and will continue to result in monetary damage to Jayco's business, loss of goodwill associated with Entegra Coach® trademarks and associated business, and may result in the tarnishing of Jayco's image and reputation in the industry amongst the consuming public.

38. Upon information and belief, Jayco alleges that the actions of Defendants are willful, malicious and intentional.

39. Unless this Court issues temporary, preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116, Defendants will continue to cause irreparable injury and harm to Jayco.

## COUNT II
## INFRINGEMENT OF U.S. FEDERALLY REGISTERED TRADEMARK RIGHTS

40. Defendants are engaged in acts of trademark infringement under § 32(l) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and hereby repeats, realleges, and incorporates by

reference the allegations which are contained in Paragraphs 1 through 39 as though fully set forth herein.

41. The Entegra Coach® trademark registrations alleged above establishes *prima facie* evidence of the validity and ownership of Entegra Coach® trademark, and provides constructive notice of Jayco's ownership of the trademark as provided by §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 1057(b) and 1072, as amended.

42. By virtue of the registration of the Entegra Coach® trademark, Defendants had at least constructive knowledge of Jayco's prior use and rights to the trademark, long prior to the illegal and unauthorized use by Defendants of the marks.

43. Defendants' actions have caused actual confusion among consumers, including Jayco's authorized Entegra Coach® dealers.

44. Defendants infringing use of Jayco's trademarks accordingly infringes Jayco's exclusive rights in the Entegra Coach® trademark, under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1).

45. Upon information and belief, Defendants' illegal and unauthorized use of the Entegra Coach® trademarks were made in whole or in part for the purpose of trading on Jayco's goodwill and investments, in connection with the offering and advertising of Entegra Coach® motorhomes, in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive the relevant consuming public.

46. Jayco has objected to Defendants' use of the Entegra Coach® at the Texas location. Defendants have refused to cease and desist from such use.

47. Defendants' continued use of the Entegra Coach® trademarks is in willful and knowing disregard of Jayco's rights.

48. Defendants use of the Entegra Coach® trademarks is likely to, and has led to, mistake and is meant to deceive purchasers as to the authorization of Defendants to use the marks, and to divert the benefit of the business reputation and good will symbolized by the Jayco's trademark.

49. All of the aforesaid acts of Defendants were performed without permission, license or consent of Jayco, in willful derogation of Jayco's rights. Jayco has been irreparably damaged and suffered monetary harm in an amount to be determined.

50. Jayco has an undisputed right to license its trademarks in any way it sees fit. Jayco has licensed NIRV-AZ and NIRV-GA in their respective markets, but not in Texas.

51. Unless this Court issues temporary, preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116, Defendants will continue to cause irreparable injury and harm to Jayco.

## COUNT III
## VIOLATION OF INDIANA TRADEMARK INFRINGEMENT COMMON LAW

52. Jayco hereby repeats, realleges, and incorporates by reference the allegations which are contained in Paragraphs 1 through 51.

53. Jayco has common law trademark rights in its trademarks under Indiana law. For the reasons set forth above, Defendants have willfully infringed Jayco's marks and caused harm to Jayco.

54. Defendants have infringed Jayco's trademarks by using them in Texas without license, authority or permission.

55. Defendants' actions have been deceptive as they have attempted to shield their use of the marks even though they know that it is wrong and illegal.

56. Jayco has been damaged as a result of Defendants' acts.

## COUNT IV
## VIOLATION OF TEXAS UNFAIR COMPETITION LAW

57. Jayco hereby repeats, realleges, and incorporates by reference the allegations which are contained in Paragraphs 1 through 56.

11

58. The above described activities constitute illegal and unfair competition by Defendants under Texas common law, which have and will cause Jayco to suffer damages, destroy Jayco's goodwill and provide Defendants an unfair advantage in the marketplace.

59. NIRV-TX is a licensed dealer under the laws of the State of Texas. NIRV-TX knows that there are other dealers located in Texas that are licensed and authorized to sell Entegra Coach® products. NIRV-TX and Morell know that what they are doing is illegal. They have attempted to cover-up what they are doing because they know it is illegal.

60. Defendants' trademark infringement and acts of unfair competition have caused and continues to cause irreparable injury to Jayco, in addition to monetary damages and injury-in-fact in in the form of, *inter alia*, lost profits, lost business opportunities, lost business value and damage to goodwill.

## COUNT V
## BREACH OF CONTRACT

61. Jayco hereby repeats, realleges, and incorporates by reference the allegations which are contained in Paragraphs 1 through 60.

62. The Dealer Agreements described above are valid and enforceable contracts.

63. NIRV-AZ and NIRV-GA have breached their agreements by allowing its corporate affiliate to sell Entegra Coach® outside of the authorized territories set forth in the Dealer Agreements.

64. NIRV-AZ and NIRV-GA have also breached the Dealer Agreements by exceeding the scope the trademark license provided in the Dealer Agreements.

65. NIRV-AZ and NIRV-GA have engaged in misrepresentations of fact by acting as the Defendants have.

66. The breaches of the Dealer Agreements set forth above have harmed and damaged Jayco.

## JURY DEMAND

Pursuant to FRCP 38, Jayco demands trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Jayco, Inc., seeks judgment in its favor and an Order against Defendants, granting the following relief:

A. A temporary restraining order, preliminary injunction and permanent injunction barring Defendants, and all those acting in concert with them, from using Jayco's trademarks and from selling Jayco's trademarked Entegra Coach® products from the location in Lewisville, Texas, or from any other location than those from which Defendants are authorized to use Jayco's trademarks;

B. A judgment and declaration that Defendants have infringed the Entegra Coach® trademarks in violation of § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1);

C. A judgment and declaration that Defendants engaged in false advertising and unfair competition in violation of § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a); and

D. A judgment and declaration that Defendants have violated Indiana trademark common law;

E. A judgment and declaration that Defendants have violated Texas unfair competition law;

F. A judgment and declaration that NIRV-AZ and NIRV-GA have breached their contracts with Jayco;

G. A judgment and order requiring Defendants to pay Jayco all damages suffered by Jayco as a result of Defendants' infringement of the Entegra Coach® trademark and name, unfair competition and false designations of origin pursuant to 15 U.S.C. § 1117(a), common law trademark infringement, unfair competition and breach of contract;

H.	A judgment and order requiring Defendants to pay Jayco any profits of Defendants attributable to its infringement of the Entegra Coach® trademark and name, unfair competition and false designations of origin pursuant to 15 U.S.C. § 1117(a);

I.	A judgment and order requiring Defendants to pay Jayco supplemental damages or profits for any continuing post-verdict infringement up until the entry of a final judgment, with an accounting, if needed;

J.	A judgment and order requiring Defendants to pay Jayco pre-judgment and post-judgment interest on any damages or profits awarded;

K.	Award attorney fees and costs; and

L.	Award Jayco such further relief as the Court deems necessary and just.


DATED:  June 13, 2017                                  Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Louis S. Chronowski*
       Louis S. Chronowski

Attorneys for Plaintiff JAYCO, INC.


Louis S. Chronowski (IN Atty. No. 32331-45)
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
(312) 460-5368
lchronowski@seyfarth.com