UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAYCO, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL INDOOR RV CENTERS, LLC, NIRVC - AZ, LLC, NATIONAL INDOOR RV CENTERS - GA, LLC and ANGIE MORELL,<br><br>　　　　　Defendants. | Case No. 3:17-cv-00458-RLM-MGG<br><br>**Judge Robert L. Miller, Jr.**<br>**Magistrate Judge Michael G. Gotsch, Sr.** |

## MOTION FOR LIMITED EXPEDITED DISCOVERY

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, Plaintiff Jayco, Inc. ("Jayco") moves for the entry of an order allowing limited expedited discovery prior to the July 25 preliminary injunction hearing.

　　1.　　Jayco seeks limited, expedited discovery prior to the July 25 hearing on Jayco's motion for preliminary injunction. Jayco proposes that it be allowed to immediately issue 10 document requests (with responses due 7 days after service) and two deposition notices, for depositions no longer than 3 hours each, for witness Brett Davis ("Davis"), the principal of NIRV, and Angie Morell ("Morell"), the salesperson selling Entegra® motorhomes from Lewisville, Texas.

　　2.　　In an effort to seek agreement regarding this limited discovery, the undersigned counsel contacted Defendants' lead counsel, Jeff Hamilton. Mr. Hamilton indicated that Defendants would not agree to limited, expedited discovery on the grounds that Defendants intended to file a motion to dismiss on personal jurisdiction and venue grounds. The

39648524v.1

undersigned suggested that discovery on that motion be conducted on an expedited basis so that the Court can consider both motions: the one Jayco already filed, and the one that Defendants have yet to file. Indeed, on June 20, when the undersigned counsel and Defendants' counsel talked to the Court's Case Manager, the parties discussed a hearing on Jayco's preliminary injunction motion in 30-45 days. The Court set that hearing for July 25. [Doc. No. 15]. Defendants' counsel also mentioned a possible motion to dismiss on personal jurisdiction and venue that was expected to be filed. Jayco cannot imagine the grounds for such a motion given that two of the Defendants signed agreements with an Indiana business and routinely engage in contacts with Indiana when ordering motorhomes, seeking sales support and submitting warranty claims to Jayco. Defendants National Indoor RV Centers, LLC (the Texas location) and Angie Morell also engage in contacts with Indiana by, at least, ordering motorhomes and submitting warranty claims to Jayco. In any event, Jayco seeks to conduct expedited discovery on jurisdiction and venue as well. Apparently, Defendants seek to take their time filing a motion a then delay Jayco's preliminary injunction hearing. The Court should not countenance such tactics.

3. In order to present the facts of this case to the Court as completely as possible for purposes of presenting Jayco's Motion for Preliminary Injunction, and to discover the full extent of Defendants' unlawful activities and the corresponding damage being done or already done to Jayco, Jayco must conduct certain limited, expedited discovery. Specifically, Jayco needs to serve limited requests for production, and to depose Davis and Morell. The proposed document requests to be served on Defendants are attached as Exhibit 1.

4. Rule 26(d) of the Federal Rules of Civil Procedure authorizes this Court to enter an Order permitting expedited discovery, and expedited discovery is appropriate in connection

with preliminary injunction motions seeking to prevent irreparable injury. *See e.g., Tomkinson Dodge, Inc. v. Enclosed Auto Transports, LLC,* No. 1:13-cv-174, (N.D. Ind. June 5, 2013) (granting motion for expedited discovery where valuable property interests involved); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D. D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings"); *Commodity Futures Trading Commission v. Krysinski*, No. 03-C-8571, 2003 WL 23195535, **1-2 (N.D. Ill. Dec. 1, 2003) (finding expedited discovery appropriate "because of the emergency nature of the situation" where plaintiff sought an ex parte statutory restraining order and preliminary injunction); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (expedited discovery would "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing); Advisory Committee Notes to Fed. R. Civ. P. 26(d) (1993 Amendment) ("Discovery can begin earlier . . . in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction.").

5. The expedited discovery Jayco seeks is limited in scope and narrowly tailored to the issues underlying Jayco's claims for preliminary injunctive relief, and Defendants' anticipated motion to dismiss. Moreover, by allowing expedited discovery, the Court will be in a better position to consider Jayco's Motion for Preliminary Injunction and to prevent further damage to Jayco.

6. Based on this showing of good cause, therefore, Jayco requests that this Court enter an Order allowing the taking of Davis and Morell on five (5) calendar days' notice, requiring Defendants to produce requested documents within seven (7) calendar days from the date of receipt thereof.

**WHEREFORE**, Jayco respectfully request that this Court enter an Order granting the following relief:

1. Defendants shall respond to Jayco's document requests within seven (7) calendar days of receipt thereof;

2. Davis and Morell shall appear for his deposition upon five (5) calendar days' notice; and

3. Such other relief as the Court deems just.

DATED: June 27, 2017

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Louis S. Chronowski*
     Louis S. Chronowski

Attorneys for Plaintiff JAYCO, INC.

Louis S. Chronowski (IN Atty. No. 32331-45)
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
(312) 460-5368
lchronowski@seyfarth.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion was served on June 27, 2017 on the following counsel for Defendants by the Court's ECF system:

>Eileen S. Pruitt (eileen.pruitt@btlaw.com)
>Damon R. Leichty (damon.leichty@btlaw.com)
>Jeffrey G. Hamilton (jhamilton@jw.com)


_____s/Louis S. Chronowski_____